IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
                          )
          Plaintiff,      )
                          )
v.                        )  Case No. CIV-08-347-KEW
                          )
JACK W. WILSON;           )
JOEY LEE DOBBS-WILSON;    )
MELISSA B. DOBBS;         )
REAGAN RESOURCES, INC.; and )
OKLAHOMA TAX COMMISSION,  )
                          )
          Defendants.     )

## OPINION AND ORDER

This matter comes before this Court on the United States' Motion for Summary Judgment (Docket Entry #53) and Defendant Jack W. Wilson's Motion for Summary Judgment (Docket Entry #63). Upon review and consideration of these Motions and associated responsive briefs, this Court renders this decision.

### Material Facts

1. The Internal Revenue Service ("IRS") assessed federal income tax, interest, and penalties against Defendant Jack W. Wilson ("Wilson") for the following tax years and in the following total amounts as of June 30, 2009:

- 1994 – $103,462.67
- 2001 – $ 17,219.49
- 2002 – $ 18,196.90
- 2003 – $  6,999.13
- 2004 – $  5,739.18

- 2005 – $ 4,865.16

Total Due: $156,482.53

2. Proper notice and demand for payment of the assessments was made but Wilson did not pay the taxes due and owing.

3. As of June 30, 2009, the total balance of taxes, interest, and penalties due and owing for the assessments from the tax years 2001 through 2005 is $53,019.86.

4. Plaintiff seeks to foreclose the tax liens for the tax years 2001 through 2005 filed upon certain real property located in Pushmataha County, Oklahoma and more particularly described as:

> NW/4 of NW/4 of Section (17), and NE/4 of NE/4 of Section (18), All in Township (2) North, Range (21) East of the I.B.M. Less Railroad Right-of-Way.
>
> (hereinafter identified as the "Property").

5. Wilson acquired the Property by Quit Claim Deed from Vivian W. Wilson on July 25, 1972. A Warranty Deed from Vivian W. Wilson to Wilson was filed of record on March 10, 1997.

6. On September 15, 1997, when Wilson's 1994 federal income tax liability was assessed, Wilson owned the Property.

7. A notice of federal tax lien against Wilson for income tax liabilities for the tax year 1994 was filed with the Pushmataha County Clerk on January 21, 2003. On October 31, 2003, the lien was released by Plaintiff. On March 15, 2004, a revocation of the lien release and notice of federal tax lien were filed with the Pushmataha County Clerk after Plaintiff determined the release was filed in error or improvidently.

8. On September 24, 2003, a notice of federal tax lien against the Property was filed with the Pushmataha County Clerk for the tax assessments made for the tax years 1993 and 1994. The notice provides, "THE INTERNAL REVENUE SERVICE CONSIDERS JACK W. WILSON TO BE THE BENEFICIAL OWNER OF THE [PROPERTY].  . . . THE FEDERAL TAX LIENS ENCUMBER THE PROPERTY BECAUSE TAX ASSESSMENTS PRECEDED THE TRANSFER OF PROPERTY TO Joey Lee Dobbs-Wilson AND THE TRANSFER WAS FOR NO OR INADEQUATE CONSIDERATION." (Bracketed information added by this Court).

9. On January 15, 1998, a Warranty Deed was filed with the Pushmataha County Clerk which conveyed the Property from "Jack W. Wilson DDS and Joey Lee Dobbs-Wilson, husband and wife" to "Joey Lee Dobbs-Wilson (of P. O. Box 661 - - Clayton, Okla. 74536)."

10. On June 1, 1999, a Warranty Deed was filed with the Pushmataha County Clerk which conveyed the Property from "Jack W. Wilson DDS and Joey Lee Dobbs-Wilson, husband and wife" to "Joey Lee Dobbs-Wilson (of P. O. Box 661 - - Clayton, Okla. 74536)."

11. The substantive difference between the Warranty Deed described in ¶ 9 and that identified in ¶ 10 above was the former document indicated the transfer was "SUBJECT to all outstanding Easements of record" where the latter did not include this notation.

12. On December 12, 2001, Wilson and Defendant Joey Lee Dobbs-Wilson ("Dobbs-Wilson") were divorced. The Property is not

referenced in the Divorced Decree.

13. On December 13, 2001, Dobbs-Wilson executed a Mineral Deed, conveying all mineral interests in the Property to "Melissa B. Dobbs, a single woman (The Chalfont - 1601 Argonne Place NW #208, Washington DC 20009)."

14. After the conveyance of the Property from Wilson to Dobbs-Wilson, Wilson entered into an oral agreement with Virgil Robbins, a neighbor living across the road from the Property for Mr. Robbins to enter the Property and take out a small number of trees that were dead or dying some 10 years ago. Wilson gave Mr. Robbins a key to the gate to the Property. Mr. Robbins has hunted on the Property for over 20 years and continues to do so. Mr. Robbins has not seen Dobbs-Wilson on the property since Wilson and Dobbs-Wilson were divorced in 2001.

15. After the conveyance of the Property from Wilson to Dobbs-Wilson, Wilson entered into an oral agreement with Robert and Virginia Brewer to maintain the Property, by clearing brush and maintaining fences, in exchange for Wilson allowing the Brewers to keep their horses on the Property. The Brewers' agreement was with Wilson. They did not know Dobbs-Wilson.

16. On March 5, 2003, Wilson filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. As a consequence, Wilson's *in personam* liability for the 1994 taxes was discharged in the bankruptcy proceeding.

17. By Order entered by the Bankruptcy Court on December 23, 2003 as amended on July 21, 2004, the Property was abandoned from Wilson's bankruptcy estate.

18. On April 20, 2005, a notice of federal tax lien against Wilson encompassing the income tax liability assessed for the tax years 2001 through 2003 was filed with the Pushmataha County Clerk.

19. On November 1, 2005, Melissa Dobbs entered into an oil and gas lease with Reagan Resources, Inc.

20. On September 25, 2008, Plaintiff initiated this action.

21. Defendant Oklahoma Tax Commission has disclaimed any interest in the Property.

22. On February 9, 2009, Dobbs-Wilson conveyed her interest in the Property to the United States by Quit Claim Deed, which was filed of record with the Pushmataha County Clerk on that date.

23. On February 9, 2009, Melissa Dobbs conveyed her interest in the Property to the United States by Quit Claim Deed, which was filed of record with the Pushmataha County Clerk on that date.

24. On February 9, 2009, Defendants Reagan Resources, Inc., Dobbs-Wilson, and Melissa Dobbs were dismissed from this action.

25. No other encumbrances exist on the Property other than the aforementioned federal tax liens.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

With regard to the facts material to this foreclosure action set forth herein above, no genuine issue has been shown to exist. The remaining issue before this Court, therefore, is which party is entitled to judgment as a matter of law.

## Status of the 1994 Lien

Wilson contends the release of the properly filed tax lien securing payment of Wilson's 1994 tax obligations on October 31, 2003 extinguished the lien "for all time." The release of a tax lien is governed by 26 U.S.C. § 6325(f), which provides in pertinent part:

> **(f) Effect of certificate. - -**
>
> **(1) Conclusiveness. - —** Except as provided in paragraphs (2) and (3), if a certificate is issued pursuant to this section by the Secretary and is filed in the same office as the notice of lien to which it relates (if such notice of lien has been filed) such certificate shall have the following effect:
>
>> **(A)** in the case of a certificate of release, such certificate shall be conclusive that the lien referred to in such certificate is extinguished;
>
> \* \* \*

Paragraph (2) referenced in paragraph (1) governs the revocation of a tax lien release. That section states in relevant part:

> **(2) Revocation of certificate of release or nonattachment. - —** If the Secretary determines that a certificate of release or nonattachment of a lien imposed by section 6321 was issued erroneously or improvidently, . . . and if the period of limitation on collection after assessment has not expired, the Secretary may revoke such certificate and reinstate the lien . . . .
>
> Such reinstated lien (i) shall be effective on the date notice of revocation is mailed to the taxpayer . . . , and (ii) shall have the same force and effect (as of such date), until the expiration of the period of limitation on collection after assessment, as a lien imposed by section 6321 (relating to lien for taxes).

7

As an initial matter, it is clear that the effect of Wilson's bankruptcy was to discharge *in personam* liability for the 1994 tax assessment. *In rem* collection of the taxes remains viable for Plaintiff. Johnson v. Home State Bank, 501 U.S. 78, 84 (1991).

Wilson's interpretation of the effect of the reinstated lien is not congruent with the language of § 6325. The reinstated lien is not a new lien meaning the time between its release and revocation of the release made the property affected free and clear of the tax lien. Rather, the prior lien is reinstated as of the date of revocation back to its filing date. The IRS' priority among lienholders may be subordinated by its error but its position as to the owners is reinstated. United States v. Rogers, 558 F.Supp.2d 774, 790 (N.D. Ohio 2008). As a result, the lien is not extinguished as Wilson suggests but rather its attachment is reinstated as if it never detached. Accordingly, any transfer of ownership between Wilson and Dobbs-Wilson was made subject to Plaintiff's lien for the 1994 tax assessment and *in rem* enforcement. United States v. Cache Valley Bank, 866 F.2d 1242, 1244-45 (10th Cir. 1989).

### Nominee Liability

Plaintiff next argues Dobbs-Wilson was the nominee of Wilson such that the tax liens for the tax years 2001-2005 may be foreclosed. The evidence clearly indicates Wilson's continuing involvement with the Property after the filing of the Warranty Deed

8

ostensibly transferring the property to Dobbs-Wilson. He wore the mantle of ownership when he entered into agreements for work to be done on the Property, for persons to use the Property, and for persons to gain access to the Property. Indeed, nothing objectively changed in the appearance of ownership after the filing of the deed. Moreover, no concrete evidence has been produced by Wilson to indicate documented consideration was paid by Dobbs-Wilson for the Property upon transfer. Wilson's ethereal statements of consideration are insufficient to withstand the scrutiny of summary judgment. No evidence has been produced to indicate Dobbs-Wilson ever accessed the property or exercised any degree of dominion and control over it. Dobbs-Wilson's subsequent transfer of ownership to Plaintiff belies any claim of consideration. As a result, the tax liens for the tax years 2001-2005 attached to the Property and may be foreclosed.

**Judgment for Tax Assessments Against Jack Wilson**

Wilson offers no challenge to Plaintiff's entitlement to an *in personam* judgment for the tax assessments made for the tax years 2001-2005. Judgment will, therefore, issue.

IT IS THEREFORE ORDERED that the United States' Motion for Summary Judgment (Docket Entry #53) is hereby **GRANTED**. Accordingly, Plaintiff is entitled to judgment against Defendant Jack W. Wilson in the total amount of $53,019.86 plus interest and penalty accruing since June 30, 2009.

IT IS FURTHER ORDERED that Plaintiff's tax liens for the tax assessments made for past due taxes, interest, and penalty for tax years 1994, 2001, 2002, 2003, 2004, and 2005 are deemed valid and enforceable and are foreclosed on the subject Property.

IT IS FURTHER ORDERED that Plaintiff shall provide an appropriate judgment reflecting the ruling stated in this Order no later than **APRIL 12, 2010**.

IT IS FURTHER ORDERED that Defendant Jack W. Wilson's Motion for Summary Judgment (Docket Entry #63) is hereby **DENIED**, in toto.

IT IS SO ORDERED this 31st day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE